IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD L. HALL,

        Petitioner,        Civil No. 07-23-TC

        v.        FINDINGS AND
                RECOMMENDATION

CHARLES DANIELS,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner, a federal inmate incarcerated at FPC Sheridan, filed a petition under 28 U.S.C. § 2241, alleging that the Bureau of Prisons has improperly denied him eligibility for early release upon his successful completion of the Residential Drug Abuse Treatment Program (RDAP).

    Petitioner was convicted in October, 2005, of Possession

1 - FINDINGS AND RECOMMENDATION

with Intent to Distribute Cocaine pursuant to 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) and received a total guideline sentence of 36 months followed by a five-year term of supervised release. Petitioner's Pre-sentence Investigation Report indicates that petitioner possessed a weapon during the commission of his crime and received a two-point sentence enhancement. Declaration of Neil Solomon, (#17) attachment 2, p. 2.

The record reflects that on July 26, 2006, petitioner was informed that he was not eligible for early release. Nevertheless, on September 18, 2006, petitioner began participating in RDAP. Affidavit of Neil Solomon (#17), p, 2.

Respondent contends that petitioner is ineligible for early release consideration due to the weapons enhancement associated with his conviction.

Among the disqualifying criterion for a sentence reduction upon successful completion of the RDAP is the determination of whether or not the inmate has been convicted of any disqualifying felony or whether the instant offense involved the possession of a firearm. 28 C.F.R. 550.58(a)(iv and (vi).

Petitioner's claims in this proceeding mirror the claims

2 - FINDINGS AND RECOMMENDATION

rejected in Arrington v. Daniels, 465 F.Supp.2d 1104 (D. Or., 2006) and Williams v. Daniels, Civ. No. 05-1346-HA (2006 U.S. Dist. Lexis 55505).[1]

Petitioner's argument that the BOP abused its discretion to exclude him from consideration for early release because of the two-point sentence enhancement was "wrongfully treated as an element of 21 U.S.C. § 841(a)(1)" is not specifically addressed in Arrington v. Daniels and Williams v. Daniels. However, I find that the court's analysis in those cases and in Lopez v. Davis, 531 U.S. 230, 232-233, (2001), is dispositive of petitioner's argument in this regard.

As in the present case, Lopez involved a drug trafficking conviction under 28 U.S.C. § 841 and a two point sentence enhancement based on a finding that the defendant possessed a firearm in connection with the offense.

In upholding the BOP's discretion to categorically exclude prisoners who were ineligible for early release consideration the court did not rely on the elements of the offense of conviction as a criteria. Rather the court relied

---

[1] Arrington and Williams were the "lead" cases of numerous petitions under 28 U.S.C. §2241 challenging certain policy statements of the Drug and Alcohol Treatment Program implemented by the BOP as promulgated in violation of the APA.

3 - FINDINGS AND RECOMMENDATION

upon the Supreme Court's recognition that it is reasonable to consider the excluded prisoners as posing a greater risk upon release and "does not cut short the considerations that may guide the BOP in implementing § 3621(e)(2)(B)." Lopez v. Davis, supra at 232-233.

Petitioner's weapons enhancement associated with his conviction resulted from the discovery of a loaded handgun and ammunition under the driver's seat of petitioner's vehicle along with controlled substances, and renders him ineligible for early release under the rules upheld in Lopez and Arrington/Daniels.

Accordingly, it is recommended that petitioner's Amended Petition (#6) should be denied and this proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual

4 - FINDINGS AND RECOMMENDATION

determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 17 day of September, 2007.

Thomas M. Coffin
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION